Thomas Floyd CANTRELL, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 72-1439.

United States Court of Appeals, Ninth Circuit.

Sept. 5, 1972.

John M. Biggs of Allen & Biggs, Steve P. Chez, Donald F. Bach, Eugene, Or., for petitioner-appellant.

Sidney I. Lezak, U. S. Atty., Jack C. Wong, Vinita Jo Neal, Asst. U. S. Attys., Portland, Or., for respondent-appellee.

Before KOELSCH, HUFSTEDLER and GOODWIN, Circuit Judges.

PER CURIAM:

Thomas F. Cantrell challenges his guilty plea to an indictment charging kidnaping. He petitioned for relief under 28 U.S.C. § 2255 on the ground that he was not adequately represented by counsel at the time of his conviction and sentencing. His petition was patently without merit, and the district court correctly denied it.

When arrested and brought into district court, Cantrell was also liable for prosecution on several state felony charges. In the Rule 11 proceeding held at the time of his plea, Cantrell admitted every element of the kidnaping. He now says that, because he feared that he might receive a life sentence in one or more state courts, he falsely pleaded guilty to the kidnaping charge in the District of Oregon. While serving his federal sentence, he apparently had second thoughts about whether he would have received a more severe sentence elsewhere. This, however, is not a matter for which an attorney should be required to give warranties when he is appointed to represent a defendant in a different case in a different court. The refusal of counsel to undertake to evaluate all the known and unknown consequences of Cantrell's returning to Idaho or Montana in no way constitutes a failure to represent Cantrell in the case in which representation was undertaken.

Affirmed.